## PARAN STEVENS *vs.* THOMAS CUNNINGHAM.

A. B. contracted for a steam engine and boiler, to be of a certain power, and at the time when the same were delivered paid a portion of the stipulated price, taking a receipt which showed that the money then paid was received by the maker "in part payment for the steam engine and boiler sold to A. B. by me," and contained also a provision that if they should not prove to be of the power specified, the maker should repay the money and take them back, and if he should fail to do so, A. B. should have a right to sell them. On trial they proved not to be of the power specified, but the maker on request refused to repay the money and take them away. Several months afterwards, A. B. allowed the maker to take away and use the boiler, on his agreeing to pay for the use of it; and after removing it, the maker mortgaged it. *Held*, that the title thereto was in A. B., and that he could maintain replevin therefor, although he authorized the maker to sell it at the time of allowing him to take away and use the same.

REPLEVIN of a steam boiler.

At the trial in the superior court, it appeared that in the summer of 1856 the plaintiff made a verbal contract with J. B. Johnson for a steam engine and boiler to be sufficient to drive a certain scow at the rate of twelve miles an hour, for $1200. In November following, after they were completed and put on board the scow, but before trial of the same, the plaintiff paid to Johnson $700, taking a receipt as follows: " Received of P. Stevens $700 in part payment for steam engine and boiler for scow at South Boston sold to said Stevens by me. Provided, however, if the said engine shall be insufficient to drive the said scow according to the terms of purchase, then said Johnson shall pay back to him the $700, and take the engine and boiler, and, if he fails to do so, said Stevens shall have the right to sell said engine and boiler and keep out of the proceeds of the sale enough to pay himself the $700, and all costs, damages and charges, and pay me the balance. Boston, Nov. 4, 1856. J. B. Johnson." The engine and boiler proved insufficient, and Johnson was asked the same season to take them away and repay the $700, which he neglected and refused to do ; and they remained on board the scow till March 1857, when Johnson asked and received permission of Stevens to take the boiler away and use it in his shop, promising to pay for the use of it, and the boiler was removed and used accordingly. A short time afterwards, Johnson, in order to secure a debt, mortgaged it to one Chamberlain, who had no notice of the plaintiff's title, and sold it under a power of sale to the defendant, who, on being informed of it afterwards, refused to give up the boiler. The defendant offered to prove that when Johnson took the boiler from the scow to his shop, the plaintiff authorized him to sell it ; but the evidence was rejected, it being admitted that no other conveyance of it was made except the mortgage to Chamberlain.

Upon this evidence, *Putnam*, J. ruled that the plaintiff was entitled to recover, and a verdict was accordingly returned for him ; and the defendant alleged exceptions.

*W. Brigham*, for the defendant.

*D. S. Richardson &* *G. F. Richardson*, for the plaintiff.

CHAPMAN, J. It appears by the receipt of Johnson that he sold the engine and boiler to the plaintiff, with an obligation to take them back in the contingency that the engine should be insufficient to drive the plaintiff's scow according to the terms stipulated. But he never took them back, and so they remained the property of the plaintiff. The boiler was afterwards leased to Johnson; for the permission given to him to take and use it by paying rent for it constituted a lease. If authority was given him to sell it, such authority would not include a right to mortgage it as security for his own debt. Gen. Sts. c. 54, § 4, relate to consignees and factors, but not to lessees; and to deposits and pledges, but not mortgages. And as the statute is in derogation of the rights of owners, and gives effect to fraudulent transfers, as against the owners, it is not to be extended by construction. *Exceptions overruled.*